# IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS HOUSTON DIVISION

RICHARD BIRNBAUM,

Plaintiff,

v.

United States Courts
Southern District of Texas
FILED

DEC 09 2025

Nathan Ochsner, Clerk of Court

CEDRIC PALMER, CLOUD PONICS, LLC, CLOUD PONICS US, LLC, STACIE AUGUSTINE, Esq., GREG DYCKMAN,Esq., MOORE LANDREY LLP, GABBADE HOLDINGS, LLC, INFUSED HEMP FARM, TKO FARMS/TKO RESERVE,LLC, DOES 1–20,

Defendants.

Civil Action No. _____

## VERIFIED COMPLAINT AND APPLICATION FOR:

### Temporary Restraining Order

### Preliminary and Permanent Injunctive Relief

### Equitable Relief

### Compensatory and Punitive Damages

### Motion to Stay Equity Liquidation in Bankruptcy Court

### Motion to Preserve Evidence and Authorize Expedited Discovery

### Request for Bench Trial and Jury Trial Waiver

Respectfully Submitted by:

/s/ Richard Birnbaum

RICHARD BIRNBAUM

16301 Wild Oak Lane

Conroe, TX 77302

Phone: (832) 622-4900

Email: Mouse@GetHelloNova.com

Pro Se Plaintiff

# I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question), as Plaintiff asserts claims arising under the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. §§ 1961–1968), Wire Fraud (18 U.S.C. § 1343), Mail Fraud (18 U.S.C. § 1341), Money Laundering (18 U.S.C. § 1956), and Civil Rights Violations (42 U.S.C. § 1983).

2. The Court also has supplemental jurisdiction over Plaintiff's related state law claims pursuant to 28 U.S.C. § 1367, including defamation, civil conspiracy, malicious prosecution, abuse of process, and deceptive trade practices under Texas law.

3. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division, pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims occurred in this District. Plaintiff resides in Montgomery County, Texas, and key Defendants—including Cedric Palmer, Cloud Ponics, LLC, and Moore Landrey LLP—acted or caused harm within this jurisdiction.

4. Unlawful acts giving rise to this action include the seizure of Plaintiff's 50% equity stake in Cloud Ponics, LLC through fraud and perjury; the entry of a fraudulent Temporary Restraining Order (TRO) and default judgment in Jefferson County, Texas; and the use of Texas-based assets and court proceedings to further an interstate marijuana trafficking and money laundering enterprise.

5. Additionally, Plaintiff's related bankruptcy proceeding—In re Richard Birnbaum, Case No. 23-90288, currently pending in the Southern District of Texas (Houston Division)—makes this District the most appropriate forum for resolving all related matters efficiently and consistently.

## II. PARTIES

### A. Plaintiff

1. Plaintiff Richard Birnbaum is an individual residing in Montgomery County, Texas. He is a 50% equity owner of Cloud Ponics, LLC, and brings this action pro se for damages resulting from fraud, civil conspiracy, and ongoing criminal enterprise activities that led to the unlawful deprivation of his property rights.

### B. Defendants

2. Defendant Cedric Palmer is an individual residing at 6855 Rosewood Drive, Beaumont, Texas 77713. Palmer orchestrated the fraudulent corporate takeover of Cloud Ponics, LLC and its affiliates. He engaged in wire fraud, money laundering, and the mislabeling and unlawful distribution of marijuana under false hemp product labels. His actions include perjury in state court, misrepresentation of legal authority, defamation, and participation in a multi-state illegal enterprise.

3. Defendant Cloud Ponics, LLC is a Texas limited liability company, originally co-owned 50/50 by Plaintiff and Palmer. Its registered address is 3890 Saint Helena Street, Beaumont, Texas 77703. It is named as a defendant due to its central role in the underlying fraud, executed under Palmer's unlawful control.

4. Defendant Cloud Ponics US, LLC is a wholly owned subsidiary of Cloud Ponics, LLC, operating as an administrative and operational holding company for the various retail LLCs implicated in the scheme. It shares the same registered address at 3890 Saint Helena Street, Beaumont, Texas 77703.

5. Defendant Stacie Augustine is an attorney at Moore Landrey LLP, located at 905 Orleans Street, Beaumont, Texas 77701. Augustine falsely claimed to represent Cloud Ponics, LLC despite objections by appointed corporate counsel David Schleicher. She engaged in misrepresentation to the court, aided Palmer's fraudulent seizure of company control, defamed Plaintiff, and sought Plaintiff's incarceration through knowingly false legal filings.

6. Defendant Greg Dykeman is a partner at Moore Landrey LLP, also located at 905 Orleans Street, Beaumont, Texas 77701. Dykeman actively participated in the filing and prosecution of the fraudulent Temporary Restraining Order (TRO) and default judgment proceedings, despite lacking lawful corporate

authorization. His actions materially impacted the outcome of those proceedings and constitute perjury and civil conspiracy.

7. Defendant Moore Landrey LLP is a Texas law firm with its principal office located at 905 Orleans Street, Beaumont, Texas 77701. The firm knowingly misrepresented its authority to act on behalf of Cloud Ponics, LLC, filed perjured documents, and participated in a broader effort to deprive Plaintiff of due process and his equity rights.

8. Defendant GABBADE Holdings, LLC is a Florida limited liability company with its principal address at 7208 Central Avenue, St. Petersburg, Florida 33707. Acting as a financial intermediary, GABBADE received wire transfers from Palmer via an account at Dart Bank in Mason, Michigan, then funded and coordinated illegal marijuana shipments. Nicholas E. "Nick" West, a known associate of Palmer, managed these transfers and the trafficking network.

9. Defendant Infused Hemp Farm is a Florida-based operation also located at 7208 Central Avenue, St. Petersburg, Florida 33707. It operates in close coordination with GABBADE Holdings and is responsible for withdrawing funds and transmitting payments to marijuana growers engaged in unlawful THC distribution under the guise of hemp.

10. Defendant TKO Holdings, Inc., also known as TKO Reserve, is a licensed recreational marijuana producer based in Jackson County, Oregon. It holds OLCC License No. 020-100003225DA with a Tier 2 producer license. Charlie Cassidy is listed as President, Director, and Stakeholder. TKO has previously been cited and fined by the Oregon Liquor and Cannabis Commission (OLCC) for violations and participated in shipping marijuana products to Palmer under false pretenses as legal hemp. The exact address of this entity is presently unknown.

11. Defendant Does 1 through 20 (inclusive) are presently unknown individuals and/or entities, corporate or otherwise, who participated in, facilitated, or aided the illegal enterprise, including acts of money laundering, trafficking, mislabeling, fraudulent sales, and unlawful legal actions described herein. Plaintiff brings this Complaint based on information and belief as to Does 1 through 20 and will amend this Complaint to insert their true names and capacities when ascertained.

11

# III. STANDING AND LEGAL BASIS FOR CLAIMS

1. Plaintiff Richard Birnbaum has standing to bring this action pursuant to 18 U.S.C. § 1964(c), which authorizes a private right of action for any person injured in their business or property by reason of a violation of 18 U.S.C. § 1962 (RICO). Plaintiff is a 50% equity owner of Cloud Ponics, LLC and brings this action pro se as a directly injured party.

2. Plaintiff has suffered concrete, particularized harm to his business interests, reputation, financial stability, and personal livelihood. He was unlawfully removed from company management, denied access to business records and financial distributions, and falsely defamed in court proceedings. Plaintiff has not received any partner payments or equity distributions since July 2024.

3. Defendants' racketeering activities, including wire fraud, money laundering, defamation, and unlawful marijuana trafficking, have directly resulted in Plaintiff's equity being rendered worthless and forced him into personal bankruptcy.

4. Plaintiff brings additional claims under Texas common law, including fraud, civil conspiracy, breach of fiduciary duty, and defamation, for which he seeks compensatory and injunctive relief. These state law claims are properly brought in Plaintiff's individual capacity and are supported by this Court's supplemental jurisdiction under 28 U.S.C. § 1367.

5. Plaintiff further asserts that no adequate legal remedy exists short of full judicial review, public accounting of the criminal scheme, injunctive protections, and compensatory damages. But for Defendants' fraudulent and defamatory acts, Plaintiff's ownership stake would remain intact, his reputation unharmed, and his financial future secure.

6. As a pro se litigant, Plaintiff respectfully invokes the liberal construction standard set forth in Haines v. Kerner, 404 U.S. 519 (1972), which requires courts to construe filings by self-represented parties liberally and hold them to less stringent standards than those drafted by lawyers.

## IV. FACTUAL BACKGROUND AND SCHEME OVERVIEW

1. This case arises from a deliberate, ongoing, and highly coordinated fraudulent scheme orchestrated by Defendant Cedric Palmer, acting jointly with attorneys Stacie Augustine, Greg Dykeman, the law firm Moore Landrey LLP, and various financial and logistical intermediaries, for the purpose of unlawfully seizing full control of Cloud Ponics, LLC, defrauding state courts, concealing criminal activity, and operating a multi-state marijuana trafficking and money-laundering enterprise disguised as a lawful hemp business. Palmer began this pattern of racketeering activity in early 2024 with the objective of removing Plaintiff from company leadership despite Plaintiff's undisputed 50% ownership interest and a governing Operating Agreement requiring 51% consent for any change in corporate authority or legal representation.

2. As part of the takeover, Palmer falsely asserted sole control over Cloud Ponics, LLC and intentionally withheld the existence of the Operating Agreement from the court. He blocked Plaintiff's access to company information, misrepresented corporate governance, and set in motion a scheme that weaponized the legal system to obtain exclusive control over the business.

3. Central to the fraudulent takeover was Palmer's misuse of legal counsel. Attorneys Stacie Augustine and Greg Dykeman were already representing Palmer personally in the litigation Rogers v. Palmer. Despite being retained solely as Palmer's personal attorneys—and not Cloud Ponics corporate counsel—the three knowingly conspired to have his personal counsel pose as attorneys for Cloud Ponics, LLC. On August 20, 2024, Augustine and Dykeman filed a petition and a request for a Temporary Restraining Order (TRO) in Jefferson County under false authority. Their filings contained material misrepresentations regarding corporate structure, ownership, and counsel.

4. Prior to the TRO hearing, Cloud Ponics' appointed corporate attorney David Schleicher formally objected in writing on August 25 and August 26, 2024, advising Augustine and Dykeman that they were misrepresenting their authority and warning that the TRO attempt was unlawful. Schleicher then filed a Notice of Representation with the court. The court, however, never addressed or ruled on the objection, and on August 29, 2024, granted Palmer a permanent injunction predicated entirely on false representations.

5. After the injunction was granted, Palmer used the fraudulently obtained order as leverage to unlawfully remove Schleicher and retroactively appoint Augustine and Dykeman as corporate counsel on September 23, 2024, in direct violation of the Operating Agreement and in furtherance of the takeover. These acts constitute perjury, misrepresentation, obstruction of justice, and civil conspiracy.

6. Once in full control, Palmer expanded the scheme into a multi-state marijuana trafficking operation. Under the false appearance of operating a federally compliant hemp business, Palmer wired funds from Texas to GABBADE Holdings, LLC, a Florida intermediary located at 7208 Central Avenue, St. Petersburg, FL 33707, through The Dart Bank in Mason, Michigan (Routing No. 072410903, Account No. 37400462). These funds were then withdrawn in cash by Infused Hemp Farm, operating at the same Florida address.

7. Using this cash, GABBADE and Infused Hemp Farm transmitted payments to TKO Holdings, Inc. (d/b/a TKO Reserve)—a licensed Tier II recreational marijuana producer located in Jackson County, Oregon (OLCC License No. 020-100003225DA). TKO shipped high-THC marijuana

directly to Palmer in Beaumont, Texas, where Palmer and co-defendants fraudulently re-labeled the marijuana as legal hemp, using forged Certificates of Analysis (COAs) to falsely assert federal compliance.

8. Palmer distributed the mislabeled marijuana through more than a dozen Cloud Ponics retail locations across Texas, selling the products for cash and depositing the proceeds into his personal and corporate accounts. He laundered the proceeds through layered wire transfers, concealing the scale and illegality of the operation.

9. Throughout this scheme, Palmer actively blocked Plaintiff's access to company financial records, inventory systems, and operational accounts to prevent Plaintiff from uncovering the illegal enterprise. Palmer also withheld Plaintiff's 50% share of partnership distributions beginning in July 2024, a deprivation directly tied to the fraudulent takeover.

10. Plaintiff has gathered extensive evidence confirming the trafficking and laundering operation, including wire transfer records to GABBADE Holdings; communications with TKO and Infused Hemp Farm; shipping manifests; tracking numbers; forged COAs compared to genuine lab reports; screenshots and recordings of mislabeling; fraudulent packaging; the original Cloud Ponics Operating Agreement; and written correspondence from corporate counsel David Schleicher confirming Plaintiff's legal standing and disputing Moore Landrey's authority.

11. Combined, these acts constitute a coordinated Racketeer Influenced and Corrupt Organizations (RICO) enterprise in violation of 18 U.S.C. § 1962, supported by predicate acts including wire fraud, mail fraud, money laundering, obstruction of justice, perjury, and defamation. Each Defendant knowingly participated in furthering the fraudulent scheme, concealing its illegality, and utilizing judicial manipulation to silence Plaintiff and maintain unlawful control of the company. These facts form the factual backbone of Plaintiff's federal RICO claims, state law claims, and demand for injunctive relief and damages.

## V. CAUSES OF ACTION

Plaintiff brings the following causes of action against all Defendants, each arising from a coordinated and deliberate pattern of racketeering activity, fraud, and defamatory conduct that deprived Plaintiff of his property, liberty, business interests, and constitutional rights. All claims alleged herein are supported by federal jurisdiction under 28 U.S.C. § 1331 and supplemental jurisdiction under 28 U.S.C. § 1367.

### 1. Civil RICO – 18 U.S.C. § 1962(c)

Defendants Cedric Palmer, Stacie Augustine, Greg Dykman, Moore Landrey LLP, GABBADE Holdings LLC, Infused Hemp Farm, TKO Holdings, Inc., and Does 1–20 conducted and participated in an enterprise whose activities affected interstate commerce by engaging in a pattern of racketeering activity as defined in 18 U.S.C. § 1961(1) & (5).

The predicate acts include:

•Wire fraud (18 U.S.C. § 1343)

•Mail fraud (18 U.S.C. § 1341)

•Money laundering (18 U.S.C. § 1956)

•Interstate transportation of controlled substances

•Obstruction of justice (18 U.S.C. § 1503)

•Perjury (18 U.S.C. § 1621)

•Fraud upon the court.

Defendants engaged in a pattern of racketeering activity in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Defendant Cedric Palmer and his co-conspirators operated an interstate criminal enterprise under the false appearance of a lawful business, using Cloud Ponics LLC and its subsidiaries to launder illicit proceeds, smuggle high-THC marijuana across state lines, fabricate compliance documents, and defraud state and federal regulatory bodies. The enterprise used legal process fraudulently obtained through perjury and misrepresentation to seize full control of the company, then trafficked controlled substances mislabeled as hemp, distributed them through retail storefronts in Texas, and deposited proceeds into Palmer's personal and business accounts. These actions constitute a coordinated scheme involving multiple predicate acts of wire fraud, mail fraud, money laundering, and obstruction of justice, each forming a pattern of racketeering activity that directly injured Plaintiff's property interests in violation of 18 U.S.C. § 1962(c).

### 2. Conspiracy to Commit RICO – 18 U.S.C. § 1962(d)

Defendants knowingly agreed and conspired to commit the above racketeering acts. The agreement is demonstrated by:

- Augustine and Dykman conspiring with Palmer to misrepresent themselves as corporate counsel in state court;

- Moore Landrey LLP filing pleadings under false authority;

- GABBADE and Infused Hemp Farm coordinating money withdrawals and payments;

- TKO Holdings shipping marijuana across state lines;

- Joint efforts to conceal Plaintiff's ownership and silence him through false legal maneuvers.

Defendants further violated 18 U.S.C. § 1962(d) by conspiring to participate in and facilitate the above-described RICO enterprise. Palmer retained attorneys Stacie Augustine and Greg Dyckman to represent him personally in a previous fraud case and, acting in concert, they deliberately filed suit against Plaintiff on behalf of Cloud Ponics LLC without lawful corporate authority. All three defendants were fully aware that Plaintiff maintained a 50% ownership stake and that corporate counsel David Schleicher had not been removed under the terms of the operating agreement. Their agreement to falsely represent themselves as company attorneys and file for a Temporary Restraining Order ("TRO") based on these misrepresentations constitutes an overt act in furtherance of the conspiracy. The subsequent use of the fraudulently obtained TRO to execute illegal financial transactions, conceal proceeds, and permanently remove Plaintiff from company access, further establishes knowing participation in a racketeering conspiracy that inflicted tangible harm.

### 3. Fraud (Texas Common Law)

Defendants knowingly made false material statements, including:

- Misrepresenting corporate authority to the state court;

- Concealing Plaintiff's 50% ownership interest;

- Misrepresenting the status of corporate counsel;

- Falsely labeling marijuana as hemp;

- Fabricating COAs and providing falsified documents to regulators, landlords, employees, and the court.

Defendants knowingly made false representations to the Jefferson County District Court regarding their legal authority and the Plaintiff's ownership interest in Cloud Ponics. Palmer submitted a sworn affidavit

on August 19, 2024, falsely claiming sole authority over the company. This perjured document was used
the next day by Moore Landrey LLP to file for a TRO and gain full control of company assets, inventory,
and systems. All material facts were intentionally concealed, including the governing operating agreement
that required joint decisions and the filing by corporate attorney David Schleicher, which challenged the
authority of the Moore Landrey firm and was never heard or ruled on. These lies were designed to induce
the court to grant injunctive relief under fraudulent

pretenses, and they succeeded — leading to the total seizure of Plaintiff's rights, control, and access
to the business. Such fraud constitutes an independent cause of action under Texas and federal law.

### 4. Civil Conspiracy (Texas Common Law)

Defendants acted together with a meeting of the minds to commit the unlawful acts described above.
Their coordinated objectives included:

- Removing Plaintiff from corporate control.

- Securing a fraudulent TRO and default judgment,

- Hiding illegal marijuana trafficking,

- Discrediting Plaintiff publicly, and

- Preventing Plaintiff from exposing the criminal enterprise.

Defendants collectively acted in concert to deprive Plaintiff of his lawful rights and seize full operational
control of Cloud Ponics. This conspiracy involved at least Palmer, Augustine, Dyckman, and various
unnamed co-conspirators ("Does 1–10") who knowingly and willingly participated in the execution of the
fraudulent scheme. The actions taken by each party were coordinated and mutually reinforcing, from the
fabrication of legal authority, to the execution of wire transfers through GABBADE Holdings and Infused
Hemp Farm, to the sale of mislabeled controlled substances, to the mass dissemination of defamatory
falsehoods designed to permanently destroy Plaintiff's credibility and standing. These acts, when taken
together, constitute a civil conspiracy to inflict financial, reputational, and legal harm.

### 5. Breach of Fiduciary Duty

Defendant Cedric Palmer, as Plaintiff's business partner and 50% co-owner, owed fiduciary duties of
loyalty, candor, and fair dealing. Palmer breached these duties by:

- Concealing company operations and finances;

- Diverting assets to fund marijuana trafficking;

17

- Excluding Plaintiff from management and access to records;
- Defaming Plaintiff to employees, landlords, and customers;
- Filing false legal actions to force Plaintiff out of his own company.

As Plaintiff's business partner and co-founder of Cloud Ponics, Palmer owed a fiduciary duty of loyalty, transparency, and good faith. Instead, he deliberately violated that duty by secretly transferring company funds, forging legal authority, denying Plaintiff access to records, blocking communication with vendors, and fabricating misconduct in order to discredit and remove Plaintiff from the company. These acts were not only unethical but intentionally harmful, done with malice and self-interest. Palmer's actions directly caused severe financial losses, reputational damage, and
loss of corporate value — and warrant equitable and monetary relief for breach of fiduciary obligations.

## 6. Obstruction of Justice, Perjury, Fraud Upon the Court, Malicious Prosecution, and Retaliation

Defendants Augustine, Dykman, Moore Landrey LLP, and Palmer engaged in conduct that constitutes:

- **Perjury**, by making knowingly false statements in sworn affidavits and pleadings;
- **Fraud upon the court**, by intentionally misleading the judiciary regarding corporate representation and authority;
- **Obstruction of justice**, by blocking Plaintiff from accessing records, concealing corporate counsel, and interfering with legal proceedings;
- **Malicious prosecution**, by filing and pursuing baseless TRO and injunction actions for an improper purpose;
- **Retaliation**, by seeking Plaintiff's incarceration for allegedly violating an order that was fraudulently obtained:
- **Wrongful contempt efforts**, where Augustine and others attempted to influence the Jefferson County court to jail Plaintiff knowing the order was based on fraud.

Defendants' conduct rises to the level of criminal obstruction and civil liability under multiple doctrines. Palmer and Moore Landrey LLP obstructed justice by knowingly filing false statements, suppressing opposing counsel's filing (Schleicher), and obtaining a TRO through perjury. After gaining fraudulent control, they manipulated judicial orders and then retaliated by persuading a judge in the 58th District

Court to issue arrest warrants for Plaintiff, based on fabricated claims of "violating" an order that was never lawfully obtained. These acts represent a blatant misuse of the judicial system as a weapon and a knowing perversion of due process. Under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), fraud upon the court encompasses precisely this type of misconduct — where officers of the court collude to subvert the integrity of judicial proceedings. Defendants' actions warrant not only damages but also sanctions and referral for criminal review.

### 7. Defamation – Written (Libel) and Spoken (Slander)

Defendants, including Augustine, Dykman, Palmer, Moore Landrey LLP, and Does 1–20, published false statements about Plaintiff to employees, customers, landlords, business partners, and third parties. These statements included false allegations that:

- Plaintiff stole money,
- Plaintiff was removed for misconduct.
- Plaintiff had no ownership,
- Plaintiff was under investigation or suspicion,
- Plaintiff violated court orders. Examples include, but are not limited to:
- Augustine's written defamatory email sent to all Cloud Ponic's landlords;
- Employees being instructed to tell customers Plaintiff was "stealing";
- Palmer's repeated lies to staff and vendors;
- Public statements made to damage Plaintiff's reputation beyond repair.

Following the granting of the TRO, Palmer began spreading malicious lies to employees, vendors, landlords, and the general public, falsely accusing Plaintiff of theft, fraud, and other criminal conduct. These defamatory statements were repeated and amplified by co-defendants, including via email communications sent by Stacie Augustine and Doe defendants, to landlords and third parties. The intent was to irreparably destroy Plaintiff's professional reputation and ensure that no recovery or return to the business would be possible. These defamatory acts were not only false but calculated, malicious, and widespread — designed to damage Plaintiff's character, economic prospects, and future business opportunities. They constitute both libel and slander and support damages under Texas Civil Practice & Remedies Code § 73.001 and corresponding federal protections.

## 8. Supplemental Jurisdiction Over All State Law Claims – 28 U.S.C. § 1367

All state-law causes of action arise from the same nucleus of operative facts that form the basis of the federal RICO claims. Therefore, supplemental jurisdiction is proper and necessary to ensure complete relief.

# VI. PRAYER FOR RELIEF

Plaintiff Richard Birnbaum respectfully requests that this Court enter judgment in his favor and grant the following relief:

## 1.  Compensatory Damages

o  $25,000,000 for economic damages resulting from Defendants' fraud, perjury, obstruction of justice, and unlawful seizure of Plaintiff's 50% equity ownership in Cloud Ponics, LLC.

o  $100,000,000 for reputational harm, emotional distress, and loss of future business opportunity caused by defamation — both written and spoken — by Defendants Stacie Augustine, Greg Dyckman, and the Moore Landrey law firm.

o  $25,000,000 for defamation, malicious retaliation, and reputational destruction by Cedric Palmer, including false public statements, defamatory employee instructions, and coordinated efforts to have Plaintiff wrongfully incarcerated.

## 2.  Punitive Damages

An award of punitive damages in an amount to be determined at trial, sufficient to punish Defendants for their willful misconduct, malice, and gross fraud, and to deter similar conduct by others.

## 3.  Injunctive Relief

o  Immediate suspension of all Cloud Ponics LLC operations, pending a court-ordered third-party audit of financials, inventory, and ownership documentation.

o  Rescission of the Temporary Restraining Order and permanent injunction issued in Jefferson County, based on fraud and due process violations.

o  Restoration of Plaintiff's ownership rights, including full voting authority, access to company systems, and protections against further retaliation.

o  Referral for federal and state criminal investigation into Defendants' acts of fraud, perjury. obstruction of justice, and interstate drug trafficking.

## 4.  Declaratory Relief

o  A judicial declaration that Defendants engaged in fraud, racketeering, and defamation, and that all actions taken in violation of the Cloud Ponics LLC Operating Agreement — including the removal of corporate counsel and the filing of the Jefferson County lawsuit — are null and void.

## 5.  Attorneys' Fees and Costs

While Plaintiff proceeds pro se, he respectfully requests an award of costs, expert witness fees, court filing expenses, and any other recoverable amounts incurred in litigating this matter.

6. **Other Relief**

Any other relief this Court deems just, equitable, and proper under the circumstances, including the issuance of a permanent injunction, and any further orders necessary to prevent continuing harm or injustice.

Plaintiff asserts that no amount of money can fully restore his reputation, emotional well-being, or the years of entrepreneurial work destroyed by Defendants' conduct — but justice demands transparency, accountability, and restitution.

Respectfully submitted,

/s/ Richard Birnbaum

Richard Birnbaum

16301 Wild Oak Lane

Conroe, TX 77302

Mouse@GetHelloNova.com

(832) 622-4900

Pro Se Plaintiff

## VII. REQUEST FOR BENCH TRIAL AND RESERVATION OF RIGHTS

Plaintiff Richard Birnbaum, proceeding pro se, respectfully waives his right to a jury trial under Federal Rule of Civil Procedure 38, and hereby requests a bench trial before a United States District Judge pursuant to Rule 39(b).

Plaintiff believes the factual and legal complexity of this matter—including overlapping state court proceedings, a federal bankruptcy case, and multiple layers of civil RICO, fraud, and constitutional violations—is better suited for judicial determination rather than presentation to a jury. The issues at hand require careful legal analysis, interpretation of federal statutes, and evaluation of procedural misconduct, all of which justify a bench trial in the interest of judicial efficiency and fairness.
Plaintiff acknowledges that the Cloud Ponics LLC Operating Agreement includes an arbitration clause governing certain internal disputes between members. However, Plaintiff asserts that this clause is inapplicable to the present action for the following reasons:

• Multiplicity of Defendants: This action involves multiple third parties, including individual attorneys, a law firm, and a corporate defendant, none of whom are parties to the Operating Agreement or bound by its arbitration provisions.

• Nature of the Claims: The claims at issue—civil RICO, fraud, malicious prosecution, obstruction of justice, and defamation—extend far beyond the scope of any contractual or ownership dispute. These are independent torts and federal violations implicating public policy and civil rights, which are not subject to private arbitration.

• Relief Sought: Plaintiff seeks injunctive relief, declaratory judgments, and punitive damages for constitutional and statutory violations. Such relief exceeds the authority of any arbitrator under the terms of the Operating Agreement.

Nonetheless, Plaintiff expressly reserves the right to demand a jury trial at a later stage, should the Court find it appropriate, or should the nature of the claims evolve in a way that makes a jury trial preferable for full and fair adjudication.
This reservation of rights is made in good faith, in alignment with constitutional due process, and with the goal of ensuring the most efficient and just resolution of the serious claims presented herein.

Respectfully submitted,
/s/ Richard Birnbaum
Richard Birnbaum
16301 Wild Oak Lane
Conroe, TX 77302
Mouse@GetHelloNova.com
(832) 622-4900
Pro Se Plaintiff

# VIII. MOTION TO STAY LIQUIDATION OF EQUITY AND BANKRUPTCY COURT PROCEEDINGS

Plaintiff Richard Birnbaum respectfully moves this Court to issue an order staying any liquidation, transfer, or disposition of his equity interest in any related entities currently subject to proceedings in the United States Bankruptcy Court for the Southern District of Texas. This request is made pursuant to the All Writs Act, 28 U.S.C. § 1651, and the Court's inherent authority to preserve the integrity of its proceedings and prevent frustration of its jurisdiction.

Plaintiff is the 50% equity owner of Cloud Ponics, LLC, and a material portion of his claims in this action arise from fraudulent acts and misrepresentations that forced him into involuntary bankruptcy. The Temporary Restraining Order (TRO) and resulting default judgment obtained by Defendants in a parallel state court proceeding are now being weaponized in bankruptcy court to unlawfully seize Plaintiff's equity. These underlying actions form the factual basis of Plaintiff's federal RICO and fraud claims.

If Plaintiff's equity is liquidated before these claims can be adjudicated, it will cause irreparable harm and moot the central issues of this case. The equity itself is the property in dispute, and must be preserved to ensure Plaintiff has a fair opportunity to prove that the underlying judgments and transfers were obtained through fraudulent and unlawful means.

This motion is made in light of the following circumstances:

- Plaintiff's 50% ownership interest in Cloud Ponics is the primary asset at issue in this RICO and fraud complaint.
- The state court default judgment was entered under highly disputed conditions, including perjury and misrepresentation by opposing counsel, and is currently the subject of active appeal and a pending Bill of Review.
- The pending bankruptcy proceeding is being improperly leveraged by Defendants to seize assets and extinguish Plaintiff's ownership before this Court has had the chance to evaluate the truth of the claims and the legitimacy of the prior judgments.
- Allowing liquidation of equity during the pendency of this action would irreparably prejudice Plaintiff's rights, destroy potential evidence of racketeering, and undermine this Court's jurisdiction to render meaningful relief.

A stay is necessary to:

- Prevent irreparable harm to Plaintiff;
- Maintain the status quo;
- Preserve the Court's jurisdiction over the subject matter;
- Avoid conflicting rulings between this Court and the bankruptcy court;
- Ensure that the equity is not permanently transferred to parties alleged to have engaged in racketeering, fraud, and defamation.

WHEREFORE, Plaintiff respectfully requests that this Court issue an order staying any liquidation, transfer, or forfeiture of Plaintiff's equity interest in Cloud Ponics, LLC or any related entities pending resolution of this federal action. Plaintiff further requests that the Court enjoin any attempts by Defendants to use the state court TRO, default judgment, or bankruptcy proceedings as a means of seizing assets until this matter is fully adjudicated. Plaintiff also requests any further relief this Court deems just and proper to preserve the integrity of the litigation.


Respectfully submitted,
/s/ Richard Birnbaum
Richard Birnbaum
16301 Wild Oak Lane
Conroe, TX 77302
Mouse@GetHelloNova.com
(832) 622-4900
Pro Se Plaintiff

## IX. PRESERVATION OF EVIDENCE AND EXPEDITED DISCOVERY

Plaintiff Richard Birnbaum respectfully requests that this Court issue an order requiring the preservation of all evidence relevant to the claims asserted in this action and authorizing expedited discovery to prevent the destruction, alteration, or concealment of critical documents, communications, and financial records.

The nature of the allegations—racketeering, fraud, defamation, obstruction of justice, and malicious prosecution—necessitates immediate judicial intervention to ensure that electronically stored information (ESI) and other forms of evidence are not lost. Plaintiff specifically seeks preservation and discovery of the following categories of evidence:

- Internal communications between and among Defendants, including emails, text messages, and encrypted app messages.
- Bank records reflecting wire transfers, payments, and financial distributions involving GABBADE Holdings, Infused Hemp Farm, and TKO Farms.
- Contracts, partnership agreements, and internal documentation detailing ownership structure and decision-making authority within Cloud Ponics, LLC and its affiliated entities.
- Marketing materials, product packaging, and strain labels used at Texas retail locations, which may support claims of misrepresentation or fraud.
- Legal filings, attorney communications, and billing records involving the representation by Moore Landrey LLP, Greg Dyckman, and Stacie Augustine.
- UPS and FedEx tracking records, COAs, and lab results that were allegedly used to falsely assert regulatory compliance.
- Surveillance footage and in-store video/audio recordings from retail stores where allegedly illegal marijuana products were sold.

This request is made pursuant to Rule 26(d)(1) and Rule 34 of the Federal Rules of Civil Procedure, as well as the Court's inherent authority to issue preservation orders in circumstances where irreparable loss of evidence is likely before formal discovery begins.

Plaintiff further requests that:

- Defendants be immediately instructed not to delete, tamper with, or otherwise destroy any digital or physical records relevant to this case.

- Third-party vendors, including payment processors, laboratories, and shipping companies, be included in the preservation order if their systems contain relevant evidence.

- This Court authorize subpoenas to financial institutions, delivery services, and testing labs to secure time-sensitive data that may otherwise be lost due to normal retention policies.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Issue a comprehensive preservation order requiring all named Defendants to maintain all relevant physical and digital evidence, including all forms of ESI;

2. Grant limited expedited discovery to obtain key communications and documents at imminent risk of destruction;

3. Authorize issuance of subpoenas to banks, processors, laboratories, and shipping carriers for the purpose of preserving and retrieving material evidence; and

4. Grant any additional relief necessary to prevent the spoliation of evidence critical to the adjudication of this matter.

Respectfully submitted,
/s/ Richard Birnbaum
Richard Birnbaum
16301 Wild Oak Lane
Conroe, TX 77302
Mouse@GetHelloNova.com
(832) 622-4900
Pro Se Plaintiff

# X. REQUEST FOR INJUNCTIVE RELIEF

Plaintiff Richard Birnbaum respectfully requests that this Court issue immediate preliminary and permanent injunctive relief to prevent further irreparable harm stemming from the fraudulent conduct, racketeering activity, and defamation perpetrated by the named Defendants.

The harm Plaintiff has suffered—and continues to suffer—is severe, ongoing, and not fully compensable through monetary damages alone. Defendants have engaged in a deliberate and coordinated pattern of misconduct, including but not limited to:
- Sale of illegal marijuana under false labeling through Cloud Ponics retail locations.
- Misuse of Plaintiff's name, likeness, and reputation to mislead business partners, customers, and regulatory agencies.
- Execution of wire fraud and interstate shipment of illegal products disguised as federally compliant hemp.
- Defamatory statements and reputational sabotage, including written and verbal communications to landlords, employees, and customers falsely accusing Plaintiff of misconduct.
- Abuse of the legal system by obtaining a TRO and default judgment through misrepresentation, then using those rulings to seize Plaintiff's equity in state and bankruptcy court proceedings.

Given this pattern of unlawful conduct, immediate injunctive relief is warranted to:
1. Halt all retail sales of misrepresented or illegal products at all Cloud Ponics-affiliated locations.
2. Freeze business operations of all affiliated retail LLCs pending further proceedings in this Court.
3. Enjoin Defendants from using Plaintiff's name, likeness, or affiliation in connection with their ongoing operations.
4. Prohibit the continued use of falsified Certificates of Analysis (COAs) and deceptive marketing regarding THC content or legal compliance.
5. Prevent the transfer, concealment, or dissipation of assets, funds, records, or equity that are the subject of this litigation.
6. Enforce evidence preservation by prohibiting the deletion, alteration, or destruction of any relevant digital or physical records.
7. Protect Plaintiff from further reputational harm by barring future defamatory statements or acts of retaliation.

This request is made pursuant to Rule 65 of the Federal Rules of Civil Procedure. Plaintiff can demonstrate:
- A likelihood of success on the merits;
- That he will suffer irreparable harm in the absence of injunctive relief;
- That the balance of equities favors Plaintiff;
- And that the public interest strongly supports issuance of an injunction to halt continued unlawful Conduct.

WHEREFORE, Plaintiff respectfully requests that this Court:

- Issue a Temporary Restraining Order (TRO) immediately halting the operations and asset transfers outlined above;
- Schedule and conduct a hearing on preliminary injunction under Rule 65;
- Upon hearing, grant a permanent injunction prohibiting the misconduct and fraudulent acts detailed in this Complaint;
- And grant any other equitable relief this Court deems just and proper.

Respectfully submitted,
/s/ Richard Birnbaum
Richard Birnbaum
16301 Wild Oak Lane
Conroe, TX 77302
Mouse@GetHelloNova.com
(832) 622-4900
Pro Se Plaintiff

# XI. DAMAGES AND MONETARY RELIEF REQUESTED

Plaintiff Richard Birnbaum seeks monetary relief against all named Defendants, jointly and severally, for the irreparable harm caused by their coordinated racketeering activities, fraudulent conduct, malicious prosecution, defamation, and unlawful seizure of Plaintiff's equity and business interests. Plaintiff respectfully requests that this Court award the following:

## A. Compensatory Damages
Plaintiff seeks compensatory damages in an amount to be proven at trial, but not less than:
● $25,000,000 for the lost value of Plaintiff's 50% equity interest in Cloud Ponics, LLC, fraudulently seized through a default judgment obtained via perjury and misrepresentation.
● $15,000,000 for reputational harm, loss of business opportunities, and career disruption resulting from Defendants' public and private defamatory statements made to landlords, employees, partners, and the general public.
● $10,000,000 for emotional distress, pain and suffering, and personal hardship, including loss of housing, damage to Plaintiff's credit, and severe disruption to his financial and emotional stability.

## B. Punitive Damages
Plaintiff seeks punitive damages against Defendants whose conduct was intentional, malicious, and carried out in reckless disregard for Plaintiff's rights, including but not limited to:
● $100,000,000 in punitive damages against Moore Landrey LLP, Greg Dyckman, and Stacie Augustine for defamation, fraud upon the court, and abuse of legal process.
● $25,000,000 in punitive damages against Cedric Palmer for his role as the orchestrator of the racketeering enterprise and his retaliatory conduct directed at Plaintiff.

## C. Treble Damages Under Civil RICO
Pursuant to 18 U.S.C. § 1964(c), Plaintiff seeks treble damages for all injuries to his business and property caused by the RICO violations detailed herein. This includes treble damages for the $25 million equity loss, and any additional business-related harm proven at trial.

## D. Attorneys' Fees and Costs
Although Plaintiff proceeds pro se, he reserves the right to seek reimbursement of:
● Legal consulting expenses
● Expert witness fees
● Court filing fees
● Other case-related costs
As permitted under 18 U.S.C. § 1964(c) and any other applicable statutes.

## E. Restitution and Disgorgement
Plaintiff requests full restitution and disgorgement of any and all profits or gains unlawfully obtained by Defendants through the exploitation of Plaintiff's name, brand, equity, and reputation. This includes sales derived from the repackaging and misrepresentation of marijuana products as compliant hemp during the

period of fraudulent control.

Respectfully submitted,
/s/ Richard Birnbaum
Richard Birnbaum
16301 Wild Oak Lane
Conroe, TX 77302
Mouse@GetHelloNova.com
(832) 622-4900
Pro Se Plaintiff

## XII. CONCLUSION AND REQUEST FOR RELIEF

Plaintiff, Richard Birnbaum, proceeding pro se, respectfully submits this Verified Complaint to this Honorable Court seeking redress for the extensive and irreparable harm caused by the defendants' coordinated racketeering enterprise, fraudulent conduct, defamation, and abuse of judicial process.

As detailed herein, the unlawful scheme executed by the defendants resulted in:

- The complete loss of Plaintiff's 50% equity interest in Cloud Ponics, LLC;
- The involuntary filing of Plaintiff's personal bankruptcy;
- The destruction of Plaintiff's professional reputation and long-term earning capacity.

Defendants, acting individually and in concert, utilized:
- Fraudulently obtained court orders;
- Interstate wire transfers;
- False product labeling;
- Public defamation campaigns;

to execute a malicious takeover of a legitimate business. Their actions have not only caused substantial financial loss but also led to emotional distress, reputational injury, and a systemic erosion of Plaintiff's rights under both state and federal law.

Plaintiff has presented credible, specific evidence, named the responsible parties, and articulated plausible causes of action supported by federal statutes and case law. This Verified Complaint is filed in good faith, with the intent to:

- Protect the integrity of the judicial process,
- Safeguard public interest and consumer safety,
- Hold accountable those who weaponized the legal system for personal gain.

## WHEREFORE, PREMISES CONSIDERED,

## Plaintiff respectfully requests that this Honorable Court:

1. Accept jurisdiction over this matter and allow the action to proceed;
2. Grant judgment in Plaintiff's favor on all causes of action asserted, including but not limited to:
   - Violations of 18 U.S.C. §§ 1962(c) and (d) (Civil RICO),
   - Common law fraud,
   - Civil conspiracy,
   - Breach of fiduciary duty,
   - Defamation,
   - Obstruction of justice,
   - Malicious prosecution,
   - Abuse of process;

3. Award compensatory damages for:
- Economic losses,
- Loss of equity,
- Reputational harm,
- Emotional distress and personal hardship;

4. Award punitive damages sufficient to punish and deter future misconduct;

5. Award treble damages as authorized under 18 U.S.C. § 1964(c);

6. Grant declaratory relief, including a finding that the TRO and default judgment obtained in state court were the result of fraud and are therefore void and unenforceable;

7. Issue injunctive relief to:
- Prevent liquidation of Plaintiff's equity,
- Halt ongoing unlawful conduct,
- Enforce preservation of evidence,
- Protect Plaintiff from further defamation;

8. Grant Plaintiff's Motion to Stay liquidation of equity in bankruptcy proceedings, as outlined in Section VIII;

9. Grant Plaintiff's Motion for Expedited Discovery and Evidence Preservation, as outlined in Section IX;

10. Award attorney's fees and costs, to the extent permitted by statute, even though Plaintiff is appearing pro se;

11. Order the preservation of all evidence related to the allegations in this Complaint;

12. Schedule a bench trial, or such other proceedings as the Court deems appropriate;

13. Grant such other and further relief as this Court may deem just and proper in the interest of justice.


Plaintiff affirms under penalty of perjury that the foregoing is true and correct to the best of his knowledge, information, and belief. While Plaintiff understands that no amount of monetary damages can fully repair the damage done to his reputation, livelihood, and emotional well-being, he prays that this Court recognizes the gravity of the harm and delivers the fullest remedy available under law.


Respectfully submitted,
/s/ Richard Birnbaum
Richard Birnbaum
16301 Wild Oak Lane
Conroe, TX 77302
Mouse@GetHelloNova.com
(832) 622-4900
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I certify that on December 8, 2025, a true and correct copy of the foregoing Verified Complaint, Application for Injunctive Relief, Motions for Stay, Preservation of Evidence, Temporary Restraining Order, and All Supporting Exhibits was filed in person with the United States District Court for the Southern District of Texas, Houston Division.

At the time of filing, no parties had yet been served. Plaintiff will promptly serve all parties in accordance with the Federal Rules of Civil Procedure following the issuance of summons by the Court.

Respectfully submitted,
December 8, 2025

/s/ Richard Birnbaum
Richard Birnbaum
Pro Se Plaintiff
16301 Wild Oak Lane
Conroe, TX 77302
Mouse@GetHelloNova.com
(832) 622-4900